NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KATHERYN MARIBEL ROJAS-OSEGUEDA; JOSE LEONARDO PORTILLO-ROJAS,

No. 24-2871

Agency Nos.
A212-993-405
A212-993-406

Petitioners,

v.

MEMORANDUM*

PAMELA BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Katheryn Rojas-Osegueda and her minor son, natives and citizens of El

Salvador, petition for review of the Board of Immigration Appeals' (BIA) order

dismissing the appeal of an Immigration Judge's (IJ) decision denying their

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Our review is limited to the BIA's decision except where the BIA expressly adopts the IJ's decision. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022).

1. <u>Asylum and withholding of removal</u>. To qualify for asylum, petitioners must show that they were or will be persecuted on account of a protected ground, such as "membership in a particular social group." 8 U.S.C. § 1158(b)(1)(B)(i). To be eligible for withholding of removal, petitioners must show that their "life or freedom would be threatened . . . because of" a protected ground. 8 U.S.C. § 1231(b)(3)(A). A petitioner "who requests asylum or withholding of removal based on membership in a particular social group must establish that the group is: '(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" *Plancarte Sauceda*, 23 F.4th at 833 (citation omitted).

The BIA decided that Rojas-Osegueda waived any challenge to the IJ's dispositive finding that her proposed social group—"young single mothers in a

relationship where they and their children are being subjected to violence and abuse by the child's father"—is not cognizable. Rojas-Osegueda does not challenge that waiver determination on appeal, and we will not consider arguments not exhausted before the agency. *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020).[1]

But even if we consider whether Rojas-Osegueda's proposed social group was cognizable, the agency did not err. The BIA first properly considered whether the proposed social group exists independent of its reference to the fact of persecution, *see Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020), and then it reasonably determined that the group is neither particular nor socially distinct. "Young" is not an immutable characteristic, and substantial evidence supports the BIA's determination that Rojas-Osegueda failed to show that Salvadorans perceive "young single mothers in a relationship" as a distinct group.[2]

---

[1] The BIA also dismissed Rojas-Osegueda's asylum claim because she waived any challenge to two of the IJ's other dispositive findings: (1) that she failed to prove any nexus between her past harm and her membership in the proposed social group, and (2) that she failed to show that authorities in El Salvador would be unable or unwilling to protect her. Because we do not review unexhausted issues, *see Bare*, 975 F.3d at 960, we may also deny the petition on those grounds.

[2] Petitioner argues that the IJ erroneously based its social group determination on a prior Attorney General opinion that was later vacated. The BIA correctly noted that the IJ did not base its determination on that opinion, but rather the IJ cited the opinion for the proposition that proposed "social groups must be defined with particularity and they must be socially distinct." Petitioner does not dispute that correct statement of the law.

2.  CAT claim.  To qualify for CAT relief, petitioners must show that any torture they may suffer would be "undertaken 'at the instigation of, or with the consent or acquiescence of, a public official.'"  *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.18(a)(1)).  The BIA dismissed Rojas-Osegueda's CAT claim because she did not challenge the IJ's finding that she failed to show the Salvadoran government would acquiesce to any torture she may suffer.  She does not contest that waiver determination on appeal, so we will not review that dispositive determination.

3.  Due process claim.  Rojas-Osegueda argues that the IJ denied her due process when it limited her witness' testimony to the topic listed on the witness list.  We agree with the BIA that the IJ did not err by limiting witness testimony about "conditions in El Salvador" to general country conditions.  And the BIA correctly found that even if the IJ had erred, Rojas-Osegueda cannot show the prejudice necessary for a successful due process claim for the reasons explained above.  *See Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010).

**PETITION DENIED.**